UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ST. PAUL FIRE AND MARINE INSURANCE              CIVIL ACTION
COMPANY, ET AL.

VERSUS                                          No. 07-3053

BOARD OF COMMISSIONERS OF THE PORT              SECTION: I/5
OF NEW ORLEANS

ORDER AND REASONS

The Court is in receipt of a thoughtless motion for reconsideration and alternative motion to amend filed by third-party defendants, Aon Corporation, Aon Risk Services, Inc. Of Texas, and Aon Risk Services, Inc. of Louisiana (collectively "Aon"), requesting that the Court revise its August 11, 2009 order and reasons. The Court is not in need of an opposition. For the following reasons, the motions are **DENIED**.

First, Aon moves the Court to revise its order to reflect that American International Marine Agency ("AIMA") was not or should not have been granted summary judgment as it was not a party to the lawsuit. The Court is well aware that AIMA was not a party to the lawsuit. A simple reading of the Court's order by counsel would indicate that summary judgment was not granted on behalf of AIMA.[1]

---

[1] Rec. Doc. No. 69, p. 1 ("Before the Court is a motion for summary judgment filed by plaintiffs, St. Paul Fire and Marine Insurance Company, Insurance Company of North American and American Home Assurance Company (collectively "the Underwriters"). For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**."); *Id.* at p. 23 ("**IT IS ORDERED** that the motion for summary judgment with respect to St. Paul's and AHAC's claim for declaratory judgment is **GRANTED. IT IS FURTHER ORDERED** that the motion for summary judgment is **DENIED** with respect to INA's claim for declaratory

1

Indeed, the Court's order does not even mention AIMA.

Second, AON contends that the Court should have continued the motion for summary judgment because discovery was ongoing. Aon's assertion is at a minimum disingenuous as the Court granted AON's motion to continue. AON asserted in its June 19, 2009 motion to continue that it had propounded discovery on June 1, 2009 and that responses were due on or before July 1, 2009.[2] Accordingly, the Court gave AON until July 16, 2009 to supplement its response and AON did indeed file a supplemental memorandum.[3]

Third, AON claims that the Court "did not even address" the insurance policy's provision that "the failure to notify Underwriters of any occurrence which at the time of its happening did not appear to involve this Policy, but which, at a later time, would appear to give rise to claims hereunder, shall not prejudice such claims." Once again, if counsel for movant had properly reviewed this Court's opinion, counsel would have surely realized that the Court addressed this argument on pages 18-19, footnote 27 of the August 11, 2009 order, citing a New York case that involved similar language.

Finally, AON rehashes its argument with respect to the choice-

---

judgment.").

[2] Rec. Doc. No. 42-6, p. 2.

[3] Rec. Doc. No. 51; Rec. Doc. No. 54. Aon submitted a response memorandum on June 23, 2009. Accordingly, the Court permitted Aon to supplement its response with evidence obtained through discovery.

of-law issue. The Court thoroughly considered these arguments when it issued the August 11, 2009 order.[4] Therefore, Aon's argument cannot form the proper basis for a motion to reconsider pursuant to Rule 59 of the Federal Rules of Civil Procedure.[5] *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, Rule 59 "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); *Peterson v. Cigna Group Ins.*, No. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002) (Duval, J.) ("Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to

---

[4]Aon contends that the Court improperly relied on the United States Supreme Court's decision in *Norfolk S. Ry. Co. v. James N. Kirby Pty, Ltd.*, which did not involve an insurance policy. *Kirby*, 543 U.S. 14, 23-24, 125 S. Ct. 385, 393, 160 L. Ed. 2d 283 (2004). However, the Court recognized that *Kirby* did not involve an insurance policy and, accordingly, applied the Second Circuit's analysis in *Folksamerica Reinsurance. Co. v. Clean Water of New York, Inc.*, which applied *Kirby* to determine whether the insurance policy at issue constituted a maritime contract. *Folksamerica.*, 413 F.3d 307, 315 (2d Cir. 2005)(citing *Kirby*, 543 U.S. at 25-26). In the motion for reconsideration, Aon cites *Sentry Select Insurance Company v. Royal Insurance Co. Of America*, which similarly relies upon *Kirby* and cites *Folksamerica*. 481 F.3d 1208, 1219 (9th Cir. 2007).
  Additionally, the Court did not rely on the choice-of-law analysis set forth in *Albany Ins. Co. v. Anh Thi Kieu* because the case did not involve a choice-of-law clause as this case did. 927 F.2d 882, 886 n.2 (5th Cir. 1991).

[5]While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon*, No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). If a motion for reconsideration is filed within ten days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after ten days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir. 1986)). Aon's motion is, therefore, considered as a Rule 59(e) motion.

3

correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law.").

For the foregoing reasons,

**IT IS ORDERED** that the motion for reconsideration and the motion to amend are **DENIED**.

New Orleans, Louisiana, August 26th, 2009.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**