UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. PAUL FIRE AND MARINE<br>INSURANCE COMPANY, ET AL.<br><br>VERSUS<br><br>BOARD OF COMMISSIONERS OF THE<br>PORT OF NEW ORLEANS | CIVIL ACTION<br><br>No. 07-3053<br><br>SECTION I |

### ORDER AND REASONS

Before the Court is a joint motion[1] for summary judgment filed by plaintiffs, American Home Assurance Company ("AHAC") and Insurance Company of North America ("INA"). Defendant, Board of Commissioners of the Port of New Orleans, and third-party defendants, Aon Corporation, Aon Risk Services, Inc. of Texas, Aon Risk Services, Inc. of Louisiana, and Aon Limited, oppose[2] the motion.  For the following reasons, plaintiffs' motion for summary judgment is **GRANTED**.

*BACKGROUND*

As this Court has previously set forth:

> This action for declaratory judgment arises in connection with a state court judgment awarding John Morella ("Morella") and his wife damages for injuries sustained in a July, 2001 accident on property owned by defendant, the Board of Commissioners of the Port of New Orleans ("the Board"). In 2002, Morella filed a lawsuit against the Board in state court alleging that he was driving a top loader when his vehicle fell into a pothole, causing him injuries. The state court tried the case without a jury on January 16, 2007, and on February 28, 2007, the state court entered a $2.6 million judgment in favor of Morella and a $50,000 judgment in

---

[1] R. Doc. No. 132.
[2] R. Doc. Nos. 135, 136.

favor of his wife on her loss of consortium claim. Following a motion for new trial, the state court entered an amended judgment on March 23, 2007, awarding interest at a rate of six percent from the date of judicial demand. The Louisiana Fourth Circuit Court of Appeals affirmed the judgment on May 14, 2008. *Morella v. Bd of Comm'rs of Port of New Orleans*, 988 So. 2d 266 (La. Ct. App. 4th Cir. 2008).

At the time of Morella's injuries, the Underwriters had issued the Board an excess insurance policy, known as a "Bumbershoot" policy, which provided coverage above the $1 million limits of the Board's underlying policies. The policy was in effect from June 14, 2001 to June 14, 2002.

On May 30, 2007, the Underwriters filed this lawsuit, seeking a declaratory judgment that the policy does not cover the Board's liability for Morella's injuries because the Board failed to timely notify the Underwriters of Morella's claim as required by the policy. The Board filed a third-party complaint against its insurance brokers, Aon Corporation, Aon Risk Services, Inc. of Texas and Aon Risk Services, Inc. of Louisiana (collectively "Aon"). The Board alleges that Aon assumed the duty of notifying the Board's insurers of claims against the Board which may involve the Board's insurance policies.[3]

On May 29, 2009, the Underwriters filed a motion for summary judgment, arguing that they were entitled to a declaratory judgment that the Board is not entitled to coverage based on a policy provision requiring that the insured send notice "as soon as practicable" whenever it "may reasonably conclude that an occurrence covered [under the policy] involves an event likely to involve [the] Policy."[4] The Underwriters claimed that they did not receive notice of Morella's claim until after the judgment had been entered and then amended.

The Board did not claim that the Underwriters were put on notice before the amended judgment was issued, asserting only that it notified Aon and that the Board "is unaware of when Aon provided notice to Excess Insurers." Aon contended that it notified the Underwriters of the amended judgment on or about March 23, 2007. Aon further argued that it submitted loss

---

[3] R. Doc. No. 69.
[4] R. Doc. No. 132-2, p.17.

summaries to the Insurance Company of North America when it submitted policy renewal applications in 2003, 2004 and 2005 and that these summaries identified Morella's claim.

The Court denied summary judgment as to AHAC and INA, concluding that a genuine material issue of fact remained with respect to whether receipt of the loss summaries constituted timely notice.[5] However, the Court also granted summary judgment in favor of St. Paul Fire and Marine Insurance Company ("St. Paul"), ruling that even if AHAC and INA were timely notified, notice to its co-insurers did not constitute notice to St. Paul because the policy required that all Underwriters receive notice.[6]

Aon and the Board appealed the Court's decision with respect to St. Paul. In affirming this Court's decision, the U.S. Fifth Circuit Court of Appeals stated:

> Finally, the Port argues that the district court misapplied the notice provision in the policy. It contends that at least two of the three insurers received notice of the underlying claim and that the district court improperly required proof that such notice was insufficient because the policy does not require notice to "all" of the insurers. This argument is unavailing.
>
> The policy's notice provision states, in relevant part, that "[w]henever any Assured has information from which the Assured may reasonably conclude that an occurrence covered hereunder involves an event likely to involve this Policy, notice shall be sent to Underwriters as soon as practicable…." The policy specifically defines "Underwriters" as "the insurer(s) subscribing to this Policy." Under New York law, which governs the contract here, the plain meaning of the policy language requires that all of the subscribing insurers must receive notice. *See Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 600 F.3d 190, 201 (2d Cir. 2010) (unambiguous language in an insurance contract is given its plain and ordinary meaning). The record showed that not all of the insurers here received timely notice. The district court did not err.[7]

---

[5] R. Doc. No. 69.
[6] *Id.*
[7] R. Doc. No. 127, pp.8-9.

The remaining defendants, AHAC and INA, now move for summary judgment arguing that in light of the Fifth Circuit's interpretation of the policy, they have no coverage obligations to the Board for the *Morella* claim.

*LAW AND ANALYSIS*

I.   **STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## II. ANALYSIS

### a. Notification Provision

All parties agree that for the purposes of this motion, the Court should assume that AHAC and INA received timely notification of the occurrence in question but that St. Paul did not. The only issue now before the Court is whether, under the notice provision of the policy, failure to timely notify St. Paul of the occurrence relieved AHAC and INA of coverage obligations.

The Fifth Circuit provided very clear guidance as to how the notice provision of the policy should be interpreted: "Under New York law, which governs the contract here, the plain meaning of the policy language requires that all of the subscribing insurers must receive notice…. The record showed that not all of the insurers here received timely notice."[8] As the Fifth Circuit explained, the notice provision mandates that all of the subscribing insurers must receive timely notice. Defendants' failure to fulfill such mandate precludes coverage under the policy.

Defendants argue that because the Fifth Circuit made no explicit holding with respect to the insurers on the subscription policy who did receive notice, AHAC and INA can still be liable for coverage. In support, defendants point to language from the policy that specifies that each

---

[8] R. Doc. No. 129, p.9.

5

insurer will only be liable for its due proportion. Defendants propose that the proper interpretation of the policy is that any insurer that receives notice is liable irrespective of whether another insurer does or does not. However, such interpretation is inconsistent with the Fifth Circuit's interpretation that, "the policy language requires that *all* of the subscribing insurers must receive notice."[9] Notably, the Fifth Circuit did not affirm the dismissal of St. Paul purely on the ground that it had not received notice. Rather, the Court emphasized that the Board had failed to comply with the notice provision itself, and it was that failure that resulted in the preclusion of coverage from St. Paul.

The Board also argues that the notice provision is ambiguous and must be resolved in favor of coverage for the Board. This argument is curious in light of the Fifth Circuit's specific characterization of the language as unambiguous. Nevertheless, this Court finds that there is no ambiguity in the provision.

Next, Aon argues that AHAC and INA waived their claim for relief because the only basis for denying coverage originally raised by AHAC and INA was late notice. Aon attempts to characterize the current argument of AHAC and INA as something other than a claim for untimely notice.[10] Aon's characterization attempt is misguided. Whether Aon labels plaintiffs' argument as one of insufficiency or incompleteness, the ultimate issue is still whether timely notice was provided to all of the insurers as required by the policy and the Fifth Circuit pointed out that, "[t]he record show[s] that not all of the insurers here received timely notice."[11][12]

   b.  *Supplemental Jurisdiction*

---

[9] *Id.* (emphasis added).

[10] *See* R. Doc. No. 135, p.8 ("Now, having lost on their untimely notice defense, these insurers want to add additional reasons for declining coverage, including insufficient notice or incomplete notice.").

[11] R. Doc. No. 129, p.9.

[12] The Court finds the case cited by Aon to be distinguishable as the issue before the New York Court of Appeals was whether excess insurers are required to prove actual prejudice as a necessary part of their late-notice defenses. *Am. Home Assurance Co. v. Int'l Ins. Co.*, 684 N.E. 14 (N.Y. 1997).

In addition to plaintiffs' claim for declaratory judgment, there is also a third-party claim of negligence brought by the Board against Aon.  The Board also seeks to amend its third-party complaint to add a state-law claim for negligence against Spears & Spears, LLC and Ike Spears.[13]  Having resolved plaintiffs' federal claim before trial, the Court next considers whether to exercise supplemental jurisdiction over the Board's remaining state law claims for negligence.[14]  *See Cudd Pressure Control Inc. v. Roles*, 328 Fed. Appx. 961, 966 n.2 (5th Cir. 2009) ("[T]he district court should keep in mind the Supreme Court's instructions that 'if the federal claims are dismissed before trial, … the state claims should be dismissed [or remanded] as well.'") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).  "When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. However the dismissal should expressly be without prejudice so that the plaintiff may refile in the appropriate state court." *Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir.1999). Accordingly, the Court declines to exercise supplemental jurisdiction over the Board's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); *Severin v. Parish of Jefferson*, 357 Fed. Appx. 601, 606 (5th Cir. 2009).

For the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment with respect to AHAC's and INA's claim for declaratory judgment is **GRANTED**.

---

[13] R. Doc. No. 137-3.

[14] The Board claims that the Court has jurisdiction over its third-party claims pursuant to diversity jurisdiction as well as supplemental jurisdiction.  However, the Board, Aon Risk Services, Inc. of Louisiana, Spears & Spears, LLC and Ike Spears are all citizens of Louisiana.  Since there is incomplete diversity of parties, the Court lacks diversity jurisdiction. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'").

**IT IS FURTHER ORDERED** that plaintiffs' motion[15] for leave to file a reply memorandum in support of their motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the Board's third-party complaint against Aon is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion[16] for leave to file a second amended third-party complaint filed by the Board is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 17, 2011.

                                **LANCE M. AFRICK**
                                **UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. No. 139.
[16] R. Doc. No. 137.