**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ST. PAUL FIRE AND MARINE INSURANCE                    CIVIL ACTION
COMPANY, et al.


VERSUS                                                                      NO. 07-3053


BOARD OF COMMISSIONERS OF
THE PORT OF NEW ORLEANS                                      SECTION "H"(5)


**ORDER AND REASONS**

Before the Court are the Motion to Dismiss Party Aon Corporation; Aon Risk Services, Inc.

of Texas; and Aon, Limited (Doc. 151), as well as a Motion for Summary Judgment filed by Aon

Corporation; Aon Risk Services, Inc. of Texas;  Aon, Limited; and Aon Risk Services, Inc. of Louisiana

("Aon Defendants")(Doc. 163).  For the following reasons, the Motion to Dismiss and Motion for

Summary Judgment are **DENIED.**

**BACKGROUND**

This action arises in connection with a state court judgment awarding John Morella

1

("Morella") and his wife damages in excess of $1 million for injuries Morella sustained in a July

2001 accident on property that Defendant the Board of Commissioners of the Port of New Orleans

("the Board") owned.  At the time of Morella's injuries, the Board had in effect an excess insurance

policy, known as a "bumbershoot" policy, which provided coverage above the $1 million limits of

the Board's underlying policies.  On May 30, 2007, the underwriters of the Board's bumbershoot

policy filed the current lawsuit, seeking a declaratory judgment that the policy did not cover the

Board's liability for Morella's injuries because the Board failed to timely notify the underwriters of

Morella's claim as the policy required.  On July 23, 2007, the Board filed a third-party complaint

against its insurance brokers, the Aon Defendants.  The Board alleges that the Aon Defendants

assumed the duty of notifying the Board's insurers of claims against the Board which may involve

the Board's insurance policies.

This Court issued declaratory judgments holding that the underwriters of the bumbershoot

policy were relieved of their coverage obligations to the Board because the Board failed to provide

timely notice of the potential claim against the policy.  Three of the Aon Defendants filed a Motion

to Dismiss on August 31, 2011, and the Board filed its Response to that Motion on September 27,

2011.  Subsequently, the Aon Defendants filed a Motion for Summary Judgment on the Board's

claims against them. The Board opposed the Motion on February 22, 2012 and filed a sur-reply on

March 7, 2012.  The Aon Defendants filed their Reply on February 24, 2012.  The Court heard oral

argument on the Motion for Summary Judgment on March 20, 2012 and took the Motion under

submission at that time.  For the reasons stated below, the Court converts the Motion to Dismiss

into a summary judgment motion and addresses the two motions concurrently.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ.

P. 56(c).  In determining whether the movant is entitled to summary judgment, the Court views

facts in the light most favorable to the non-movant and draws all reasonable inferences in her

favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).  Summary judgment

is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of

an element essential to that party's case . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**ANALYSIS**

*I.       Motion to Dismiss*

The Court converts the Motion to Dismiss into a motion for summary judgment and

addresses the motion together with the Aon Defendants' pending Motion for Summary Judgment.

For the reasons explained in Section II of this Order, the Motion to Dismiss is denied.

In considering a motion to dismiss for failure to state a claim, a court considers only the

contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224

F.3d 496, 498 (5th Cir.2000).  A court may, at its discretion, exclude matters presented that are

3

outside of the pleadings; however, if the court does not exclude these matters, it must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). As a narrow exception, a court may treat documents attached to a motion to dismiss as a part of the pleadings without converting the motion into one for summary judgment if the complaint refers to the documents, and the documents are central to the plaintiff's claim. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted). When a court converts a Rule 12(b)(6) motion into a summary judgment motion, the court must give the parties ample opportunity to present argument and evidence as to summary judgment as Rule 56 requires. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 745 (5th Cir. 1986).

The Court converts the Motion to Dismiss to a motion for summary judgment. A court must decide a motion to dismiss under Rule 12(b)(6) based on the pleadings alone. Although the Fifth Circuit has recognized a narrow exception to that rule, the exception is not applicable to this case. The Aon Defendants rely on deposition testimony outside of the pleadings in their Motion to Dismiss. The Board's Complaint does not refer to this deposition testimony, nor is it central to the Complaint. The Aon Defendants subsequently filed a motion for summary judgment, giving the parties ample opportunity to present evidence and argument as to summary judgment. Accordingly, the Court converts the Motion to Dismiss to a motion for summary judgment and addresses it concurrently with the subsequently filed Motion for Summary Judgment.

> II.   *The Aon Defendants' Motion for Summary Judgment*

The Aon Defendants ask the Court to dismiss the Board's claims against Aon, Limited ("Aon UK") based on peremption. Next, the Aon Defendants argue that summary judgment is appropriate because the Aon Defendants did not owe a duty to the Board. Lastly, the Aon Defendants argue that, even if they owed the Board a duty, they are not responsible for the Board's injuries because they were not the proximate cause of those injuries. For the reasons stated below, the Court finds that genuine issues of material fact preclude summary judgment on these issues.

*A.     Peremption of the Board's Third-Party Claims Against Aon UK*

The Aon Defendants argue that the Board's claims against Aon, Limited ("Aon UK") are perempted under Louisiana law. The Court finds, however, that a genuine issue of material fact exists as to whether these claims are perempted and accordingly denies summary judgment on this issue.

Louisiana law states that an action for damages against an insurance broker, including both breach of contract actions and tort actions, must be brought "[w]ithin one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered." La. Rev. Stat. Ann. § 9:5606 (2011). The statute goes on to state that "[e]ven as to actions filed within one year from the date of such discovery, in all events such actions must be filed at the latest within three years from the date of the alleged act, omission, or neglect." *Id.* The statute designates that both the one-year period and the three-year period are peremptive periods that may not be renounced,

interrupted, or suspended. *Id.*

A genuine issue of material fact exists as to whether the Board's claims against Aon UK are perempted. The three-year peremptive period is not an issue in this case. The Aon Defendants argue, however, that the Board should have known of its claims against Aon UK more than one year before filing suit, and the one year peremptive period therefore bans the Board's claims. In contrast, the Board argues that it did not know of Aon UK's relationship to the lawsuit until July 13, 2009 and points to deposition testimony supporting that claim. As the exact relationship among the Aon Defendants and between the Aon Defendants and the Board is unclear at this time, a factual issue exists as to when the Board should have known of its potential claims against Aon UK. Accordingly, a factual issue exists as to the peremption issue and summary judgment is inappropriate.

B.      *The Aon Defendants' Duty to the Board*

In both their Motion to Dismiss and their Motion for Summary Judgment, the Aon Defendants argue that summary judgment is appropriate because they did not owe a duty to the Board. The Court, however, finds that a genuine issue of material fact exists as to whether the Aon Defendants owed the Board a duty and denies summary judgment on that issue.

General principles of negligence law guide the analysis of a maritime tort. *In re Signal Intern,* 579 F.3d 478, 491 (5th Cir. 2009) (internal citation omitted). "[T]o sustain a common law cause of action in negligence, a plaintiff must prove four core elements: (1) a duty of care, (2) a

6

breach of that duty, (3) proximate cause, and (4) actual damages." *Indus. Mar. Carriers (Bahamas),*

*Inc. v. Thomas Miller (America), Inc.*, No. 06-5625, 2009 WL 5216971, *6 (D.N.J. 2009) (internal

citations omitted). "[C]ourts sitting in admiralty may draw guidance from, inter alia, the extensive

body of state law applying proximate causation requirements and from treatises and other

scholarly sources." *Exxon Co., U.S.A. v. Sofec, Inc.,* 517 U.S. 830, 839 (1996) (citation omitted).

A genuine issue of material fact exists as to whether the Aon Defendants owed a duty to

the Board to notify the underwriters of the Board's bumbershoot policy of Morella's potential

claim. The nature and extent of the relationship between the Board and the Aon Defendants is

unclear at this point; however, the Board's motion and attached exhibits show enough facts to

make it plausible that the Aon Defendants assumed a duty to the Board. Accordingly, summary

judgment on this issue is denied.

### C. Proximate Cause of the Board's Injury

The Aon Defendants also argue that, even if they owed the Board a duty, they cannot be

found liable to the Board because they were not the proximate cause of the Board's injury.

Specifically, the Aon Defendants argue that under New York law and the law of this case, when the

Board provided them with notice of Morella's suit, notice to the underwriters was already late as

a matter of law, and the underwriters were entitled legally to avoid their coverage obligations. As

a result, the Board's own negligence was the proximate cause of the Board's injury. The Court,

however, finds that a genuine issue of material fact exists as to whether notice was late and denies

summary judgment on this issue.

Neither New York law nor the law of the case doctrine supports the Aon Defendants assertion that a three-month delay is unreasonable as a matter of law. New York law requires notice in these situations to be given "as soon as practicable," meaning "that notice be given within a reasonable time under all the circumstances." *Sec. Mut. Ins. Co. v. Acker-Fitzsimons Corp.*, 293 N.E. 2d 76, 79 (N.Y. 1972). When notice to an excess liability carrier is the issue, the focus is on when the insured reasonably should have known that the claim against it would likely exhaust its primary insurance coverage and trigger its excess coverage, and whether any delay between acquiring that knowledge and giving notice to the excess carrier was reasonable under the circumstances. *Morris Park Contr. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 A.D.3d 763, 765. The resolution of such questions of reasonableness is "heavily dependent on the factual contexts in which they arise." *Id*.

As a result, this Court's prior holding that a delay in notice from December 15, 2006 to March 2006 was unreasonable does not mean that a three-month delay is always unreasonable. Rather, it meant that, in light of the circumstances present from December to March, that particular delay was unreasonable. Whether a delay from September 13, 2006 to the December date was unreasonable, however, is a different question, as the circumstances at that time were different than those from December to March. The Board successfully raises a factual issue as to whether any delay from September to December was unreasonable. Accordingly, the Court denies

8

summary judgment on this issue.

## CONCLUSION

The Court finds that a genuine issue of material fact exists as to whether the Board's claims against Aon UK are perempted, whether the Aon Defendants owed a duty to the board, and whether the Aon Defendants were the proximate cause of the Board's injury. Accordingly, the Aon Defendants' Motion to Dismiss Party, as well as the Aon Defendants' Motion for Summary Judgment are denied.

New Orleans, Louisiana, on this 2nd day of April, 2012.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE