UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al. | CIVIL ACTION |
| VERSUS | NO. 07-3053 |
| BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS | SECTION "H"(5) |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Doc. 169) filed by Third-Party Defendants Spears & Spears Law Firm and Ike Spears (the "Spears Defendants"). The Court finds that the claims against the Spears Defendants are perempted. Accordingly, the Motion for Summary Judgment is **GRANTED.** The Board's claims against the Spears Defendants are dismissed with prejudice.

### BACKGROUND

This action arises in connection with a state court judgment awarding John Morella

1

("Morella") and his wife damages in excess of $1 million for injuries Morella sustained in a July 2001 accident on property that Defendant the Board of Commissioners of the Port of New Orleans ("the Board") owned.  At the time of Morella's injuries, the Board had in effect an excess insurance policy, known as a "bumbershoot" policy, which provided coverage above the $1 million limits of the Board's underlying policies.  On May 30, 2007, the underwriters of the Board's bumbershoot policy filed the current lawsuit, seeking a declaratory judgment that the policy did not cover the Board's liability for Morella's injuries because the Board failed to timely notify the underwriters of Morella's claim as the policy required.  The Spears Defendants represented the Board during the Morella suit.

      This Court issued declaratory judgments holding that the underwriters of the bumbershoot policy were relieved of their coverage obligations to the Board because the Board failed to provide timely notice of the potential claim against the policy.  The Board filed a Second Amended and Restated Third-Party Complaint (Doc. 147) on August 11, 2011, adding the Spears Defendants as third-party defendants and making legal malpractice claims against them.  The Second Amended Complaint alleges that the Spears Defendants committed legal malpractice while representing the Board in the Morella suit.  (*See* Doc. 147.)  The Spears Defendants filed the current Motion for Summary Judgment on February 14, 2012.  (Doc. 169.)  The Board filed its Response in Opposition on March 7, 2012 (Doc. 184), and the Spears Defendants filed their Reply on March 13, 2012 (Doc. 195).  The Court took the Motion under submission on March 14, 2012.  For the reasons stated

2

below, the Court grants the Motion.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**LAW & ANALYSIS**

The issue before the Court is whether the Board's claims against the Spears Defendants are time barred. The Spears Defendants argue that the claims are time barred under the peremptive periods set forth in Section 9:5605 of the Louisiana Revised Statutes. (Doc. 169, p. 1.) In contrast, the Board argues that the claims are not perempted because the Board filed a lawsuit against the Spears Defendants in state court before the peremptive period ran. (Doc. 184, pp. 1-2.) The Court finds that the claims against the Spears Defendants are perempted.

The parties do not dispute that Louisiana law applies to the legal malpractice claims in this case. Louisiana law provides that legal malpractice actions must be "filed in a court of competent

3

jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act omission, or neglect is discovered or should have been discovered . . . ." La. Rev. Stat. Ann. § 9:5605 (West 2012).  "However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect." *Id.*  The statute goes on to state that both the one-year period and the three-year period are peremptive, and in accordance with Civil Code Article 3458, "may not be renounced, interrupted, or suspended." *Id.*  As the Louisiana Supreme Court has explained, "[n]othing may interfere with the running of a peremptive period." *Naghi v. Brener,* 17 So.3d 919, 920 (La. 2009).

     Based on Plaintiff's Second Amended Complaint, the latest that any alleged act, omission, or neglect could have occurred was February 27, 2007, the date that the state court issued its judgment in the Morella suit.  Accordingly, Plaintiff was required to bring its claims against the Spears Defendants by February 27, 2010 at the latest.  Plaintiff does not argue that it brought its claims in this Court within three years of the alleged act, omission, or negligence.  Instead, Plaintiff argues that its claims were not extinguished because it timely filed suit against the Spears Defendants in state court, and the right to bring claims continues as long as that action is pending.  However, Plaintiff provides, and the Court was unable to find, any law supporting that argument.  Plaintiff relies only on its interpretation of a comment to the legal malpractice statute and public policy to justify its position.  As Plaintiff did not add the Spears Defendants to this suit until August

2011, Plaintiff's claims against the Spears Defendants are perempted.

## CONCLUSION

The Board's claims against the Spears Defendants are perempted. Accordingly, the Motion for Summary Judgment is **GRANTED.** The Board's claims against Spears & Spears Law Firm and against Ike Spears are dismissed with prejudice.

New Orleans, Louisiana, on this 23rd day of April, 2012.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE